1  BARRY J. PORTMAN
   Federal Public Defender
2  NICHOLAS PETER HUMY
   JAY RORTY
3  Assistant Federal Public Defender
   160 West Santa Clara Street, Suite 575
4  San Jose, CA 95113
   Telephone: (408) 291-7753
5
   Counsel for Defendant SUIBIN ZHANG
6

FILED
E-FILING  SEP - 5 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

RECEIVED
AUG 2 3 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00812 RMW (HRL) |
| Plaintiff, | STIPULATED INTERIM PROTECTIVE ORDER |
| vs. | (MODIFIED BY THE COURT) |
| SUIBIN ZHANG, | |
| Defendant. | |

WHEREAS during the course of discovery in the above-captioned criminal case the United States and defendant Suibin Zhang may be required to produce documentation and items containing information that they consider to be confidential and proprietary information or "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) belonging to Marvel, Inc. (Marvel), and others in the case of the United States, or belonging to present or former employers of Suibin Zhang, or belonging to expert witnesses, or belonging to other entities and obtained through service of subpoena, in the case of the defendant, Suibin Zhang; and

WHEREAS the United States and Suibin Zhang deem it appropriate to provide for the protection of such information, with the understanding that nothing in this stipulated interim

Stipulated Interim Protective Order CR 05-00812            1

protective order constitutes any agreement or creates any presumption regarding whether or not the specific information is, in fact, confidential and proprietary, or a trade secret;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties and their respective counsel that the following definitions and procedures will govern the designation and handling of material and other information produced by any party.

1. Definitions.

    a. "Confidential Material" shall mean information that either the United States or the defendant contends is a trade secret within the meaning of 18 U.S.C. § 1839(3).

    b. "Discovery Material" shall mean all materials disclosed by any party during discovery in this case.

    c. The "Parties" shall refer to the United States and defendant Suibin Zhang. Marvel, Broadcom Corporation (Broadcom) and Netgear, Inc. (Netgear) are not parties to this action.

2. The United States and/or defendant Suibin Zhang may designate Discovery Material as Confidential Material to the extent that this designation is supported by a good faith belief that the information or material is in fact Confidential Material as defined in paragraph 1(a) above. Whenever possible, the producing party shall indicate whether particular items of Discovery Material are being designated as Confidential Material at the time that the Discovery Material is produced. The producing party shall identify the information it has designated as Confidential Material either by providing a list which identifies, by Bates stamp number, the pages that it has designated Confidential Material, or by using a separate numbering system for those items that it has designated as Confidential Material. All parties shall refrain from stamping the word "CONFIDENTIAL" on individual pages or otherwise altering the appearance of any Confidential Material (with the exception of adding Bates stamp numbers). Computer memory storage materials such as diskettes, hard drives or other memory media containing Discovery Material deemed by the producing party to contain Confidential Information may be labeled outside the

1  media as "CONFIDENTIAL."

2        3. Discovery Material that the United States has designated as Confidential Material shall
3  be kept at the office of the Federal Public Defender, counsel for defendant Suibin Zhang.
4  Discovery Material that the defendant has designated as Confidential Material shall be kept at the
5  office of the United States Attorney. Should Suibin Zhang be incarcerated pretrial in this or any
6  other matter, the Federal Public Defender may bring the Confidential Material to the Santa Clara
7  County Main Jail (or other facility in which he is incarcerated) to enable the defendant to
8  examine this material, but the Federal Public Defender shall not leave any Confidential Material
9  with the defendant. In addition to the defendant and his counsel, Confidential Material produced
10  by the United States may be disclosed only to members of the Federal Public Defender's office,
11  to experts, and to interpreters assisting the defense. Confidential Material produced by Suibin
12  Zhang may be disclosed only to members of the United States Attorney's office or to members of
13  the Federal Bureau of Investigation who are working on this case, or to an expert retained
14  pursuant to ¶ 6 of this agreement. The United States will NOT disclose any Confidential
15  Material produced by Suibin Zhang to Marvel, Broadcom or Netgear, their representatives, or
16  any other third party, unless approved by the Court, pursuant to ¶ 4 of this agreement. All such
17  material shall be used solely for the purpose of preparing for and conducting pretrial, trial and
18  appellate proceedings in this case, and shall not be used for the economic benefit of the defendant
19  or any third party, including Marvel, Broadcom or Netgear. Any motion that quotes directly
20  from any Confidential Material shall be filed UNDER SEAL. Any motion that includes exhibits
21  or attachments that contain Confidential Material need not be filed under seal, except that the
22  exhibits or attachments shall be filed under seal. The standard procedures for filing a document
23  under seal shall apply.

24        4. If either the United States or the defendant wishes to disclose any Confidential
25  Material to anyone OTHER THAN an expert or an individual described in paragraph 3, counsel
26  for the party seeking disclosure shall provide written notice to the producing party. The

Stipulated Interim Protective Order CR 05-00812      3

1 producing party shall have five (5) business days from the date it receives written notice to object
2 to such disclosure, in writing, for good cause. If the producing party objects, the party seeking
3 disclosure shall have three (3) business days to respond. If no agreement is reached by the parties
4 within three (3) additional business days, the producing party may apply to the Court for
5 appropriate relief, with copies of such application being served on the other party. Any such
6 application or supporting document shall be filed UNDER SEAL. Neither the United States nor
7 the defendant will disclose any document or the contents of any document described in this
8 paragraph to any third party, including Marvel, Broadcom or Netgear and their representatives.
9 Once the producing party has filed an application with the Court as set forth above, the party
10 seeking disclosure will refrain from disclosing any Confidential Material to the individual until
11 the objection has been resolved.

12     5. No person described in paragraphs 3 and 4, other than Suibin Zhang, Assistant Federal
13 Public Defenders Nicholas Humy and Jay Rorty, and Assistant United States Attorneys David
14 Callaway and Kyle Waldinger shall have access to any discovery that an opposing party has
15 designated as Confidential Material until that person signs a copy of the attached
16 "Acknowledgment of Stipulated Protective Order in United States v. Suibin Zhang CR 00812
17 RMW (HRL)." Once an individual has executed an Acknowledgment, it shall not be necessary
18 to sign a separate acknowledgment each time that person is given access to Confidential
19 Material. With the exception of any Acknowledgment executed by an expert, a copy of each
20 signed Acknowledgments shall be provided to the opposing party.

21     6. At such time as a party retains an expert or experts to assist in reviewing the
22 Confidential Material and preparing for trial, the expert shall execute an Acknowledgment,
23 signed under oath, and stating that the affiant agrees to abide by the terms of this agreement, and
24 that he or she is not: (1) a former or current employee of Marvell, Broadcom or Netgear; (2)
25 currently under contract to Marvell, Broadcom or Netgear; (3) a direct competitor of Marvel,
26 Broadcom or Netgear; (4) employed by a direct competitor of Marvell, Broadcom or Netgear; or

1  (5) currently under contract to a direct competitor of Marvell, Broadcom or Netgear. The

2  Acknowledgment shall be submitted to the Court *in camera* and filed under seal. The opposing

3  party will not be provided with a copy of the Acknowledgment signed by the expert(s), and the

4  identity of the expert(s) shall not be disclosed to the opposing party except to the extent that such

5  disclosure is required by the Federal Rules of Criminal Procedure. However, should either party

6  wish to retain an expert who is: (1) a former or current employee of Marvell, Broadcom or

7  Netgear; (2) currently under contract to Marvell, Broadcom or Netgear; (3) a direct competitor of

8  Marvel, Broadcom or Netgear; (4) employed by a direct competitor of Marvell, Broadcom or

9  Netgear; or (5) currently under contract to a direct competitor of Marvell, Broadcom or Netgear,

10  THE PARTY WHO WISHES TO RETAIN THE EXPERT SHALL CONSULT WITH AN AFFECTED ENTITY ~~the party shall give reasonable notice to the opposing party.~~

11  (e.g. MARVELL, BROADCOM, OR NETGEAR) ABOUT THE PROPRIETY OF DISCLOSURE OF ITS ~~The contents of that notice shall not be disclosed to Marvell, Broadcom or Netgear or any other third party without order of the Court.~~

12  CONFIDENTIAL AND PROPRIETARY OR TRADE SECRET INFORMATION TO ANY SUCH INDIVIDUALS AND ~~If a party objects to the use of the proposed expert, the the parties shall follow the procedure for~~

13  WHETHER THE AFFECTED ENTITY HAS ANY CONCERNS WITH SUCH DISCLOSURE. DISPUTES OVER THE ~~objecting set forth in ¶ 4 of this Stipulated Protective Order.~~ USE OF THE PROPOSED EXPERT SHALL BE RESOLVED THROUGH THE PROCEDURE IN ¶ 4 OF THIS ORDER.

14      7. The recipient of any Confidential Material that is provided under this Stipulated

15  Interim Protective Order shall keep such information in a manner reasonably intended to prevent

16  the unauthorized disclosure of that material.

17      8. At the conclusion of the above-captioned case (including any post-trial proceedings

18  such as an appeal or a habeas petition), counsel for Suibin Zhang agrees to either return or

19  destroy any Confidential Material produced by the United States, except as otherwise directed by

20  the Court. At the conclusion of the above-captioned case (including any post-trial proceedings

21  such as an appeal or a habeas petition), the United States agrees to either return or destroy any

22  Confidential Material produced by defendant Suibin Zhang, except as otherwise directed by the

23  Court.

24      9. Nothing herein shall prevent any party from using the Confidential Material or from

25  referring to or reciting from any information contained in such Confidential Material in

26  connection with pleadings or motions filed in this case, provided that such materials shall be

Stipulated Interim Protective Order CR 05-00812       5

1  filed UNDER SEAL and/or submitted *in camera*. The use of Confidential Material at trial or at
2  pre- or post-trial hearings will be resolved at or before the time of such trial or hearing.

3      10. Should a dispute arise as to the propriety of the designation of any Discovery
4  Material as Confidential Material, the objecting counsel shall notify opposing counsel in writing.
5  Such notice shall state objecting counsel's position regarding that matter. Within five (5)
6  business days of receiving such notice, opposing counsel shall respond to the notice in writing.
7  If, after five (5) business days from opposing counsel's response, the parties cannot resolve the
8  dispute, they may apply to the Court to do so. Any such dispute or the pendency of such motion
9  shall not be grounds for an objection to or refusal to permit discovery. During the pendency of
10 the dispute, and any Court resolution thereof, including an appeal of the Court's decision on such
11 motion, the discovery shall be treated as Confidential Material and shall be covered by this
12 Stipulated Interim Protective Order.

13     11. Marvel, Broadcom and Netgear are not parties to the above-captioned case. Where
14 this agreement requires the service of notice on the opposing party, this requirement does not
15 include the service of notice on Marvel, Broadcom and Netgear.

16     12. By signing and agreeing to this Stipulated Interim Protective Order, no person shall
17 be deemed to have conceded that any material has been properly designated as Confidential
18 Material.

19     13. Nothing in this Stipulation shall prevent disclosure beyond the terms of this
20 Stipulation if all parties (i.e., the United States and defendant Suibin Zhang) consent in writing to
21 such disclosure, or if such disclosure is ordered by the Court.

22 //
23 //
24 //
25 //
26 //

Stipulated Interim Protective Order CR 05-00812      6

1    14. Nothing contained in this Stipulated Interim Protective Order shall preclude any party
2  from applying to the Court for further relief or modification.
3    IT IS SO STIPULATED.
4
5  Dated: 8/23/06

   *[signature]*
   NICHOLAS P. HUMY
   Attorney for defendant Suibin Zhang

8  Dated: 8/23/06

   *[signature]*
   JAY RORTY
   Attorney for defendant Suibin Zhang

10 Dated: 7/19/06

   *[signature]*
   DAVID CALLAWAY
   Assistant United States Attorney

13 Dated: 7/14/2006

   *[signature]*
   KYLE WALDINGER
   Assistant United States Attorney

16   IT IS SO ORDERED.
17 Dated: 9/5/06

   *[signature]*
   THE HONORABLE ~~JEREMY FOGEL~~
   ~~United States District Court~~
   HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

Stipulated Interim Protective Order CR 05-00812         7

ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER
IN <u>UNITED STATES v. SUIBIN ZHANG</u>, No. CR 05-00812 RMW (HRL)

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Order issued in <u>United States v. Suibin Zhang</u>, No. CR 05-00812 RMW, has read, understands, and agrees to the terms of the Stipulated Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Street Address

_____
City, State and Zip Code

_____
Area Code and Telephone Number