1  BARRY J. PORTMAN
   Federal Public Defender
2  NICHOLAS PETER HUMY
   JAY RORTY
3  Assistant Federal Public Defenders
   160 West Santa Clara Street, Suite 575        *ORDER E-FILED ON 10/10/06*
4  San Jose, CA  95113
   Telephone:  (408) 291-7753
5
   Counsel for Defendant ZHANG
6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12  UNITED STATES OF AMERICA,            )   No. CR-05-00812 RMW (HRL)
                                         )
13                  Plaintiff,           )   AMENDED STIPULATED INTERIM
                                         )   PROTECTIVE ORDER
14  vs.                                  )
                                         )   (MODIFIED BY THE COURT)
15  SUIBIN ZHANG,                        )
                                         )
16                  Defendant.           )
    _____)

17

18          WHEREAS during the course of discovery in the above-captioned criminal case the

19  United States and defendant Suibin Zhang may be required to produce documentation and items

20  containing information that they consider to be confidential and proprietary information or "trade

21  secret" information (within the meaning of 18 U.S.C. § 1839(3)) belonging to Marvell, Inc.

22  (Marvell), and others in the case of the United States, or belonging to other entities and obtained

23  through service of subpoena, in the case of the defendant, Suibin Zhang; and

24          WHEREAS the United States and Suibin Zhang deem it appropriate to provide for the

25  protection of such information, with the understanding that nothing in this stipulated interim

26  protective order constitutes any agreement or creates any presumption regarding whether or not

Amended Stipulated Interim Protective Order            1

the specific information is, in fact, confidential and proprietary, or a trade secret;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties and their respective counsel that the following definitions and procedures will govern the designation and handling of material and other information produced by any party.

1. Definitions.

   a. "Confidential Material" shall mean information that either the Untied States or the defendant contends is a trade secret within the meaning of 18 U.S.C. § 1839(3).

   b. "Discovery Material" shall mean all materials disclosed by any party during discovery in this case.

   c. The "Parties" shall refer to the United States and defendant Suibin Zhang. Marvell, Broadcom Corporation (Broadcom), and Netgear, Inc. (Netgear) are not parties to this action.

2. The United States and/or defendant Suibin Zhang may designate Discovery Material as Confidential Material to the extent that this designation is supported by a good faith belief that the information or material is in fact Confidential Material as defined in paragraph 1(a) above. Whenever possible, the producing party shall indicate whether particular items of Discovery Material are being designated as Confidential Material at the time that the Discovery Material is produced. The producing party shall identify the information it has designated as Confidential Material either by providing a list which identifies, by Bates stamp number, the pages that it has designated Confidential Material, or by using a separate numbering system for those items that it has designated as Confidential Material. All parties shall refrain from stamping the word "CONFIDENTIAL" on individual pages or otherwise altering the appearance of any Confidential Material (with the exception of adding Bates stamp numbers). Computer memory storage materials such as diskettes, hard drives or other memory media containing Discovery Material deemed by the producing party to contain Confidential Information may be labeled outside the media as "CONFIDENTIAL."

3. Discovery Material that the United States has designated as Confidential Material shall be kept at the office of the Federal Public Defender, counsel for defendant Suibin Zhang. Discovery Material that the defendant has designated as Confidential Material shall be kept at the office of the United States Attorney. Should Suibin Zhang be incarcerated pretrial in this or any other matter, the Federal Public Defender may bring the Confidential Material to the Santa Clara County Main Jail (or other facility in which Mr. Zhang is incarcerated) to enable the defendant to examine this material, but the Federal Public Defender shall not leave any Confidential Material with the defendant. In addition to the defendant and his counsel, Confidential Material produced by the United States may be disclosed only to members of the Federal Public Defender's office, to experts, and to interpreters assisting the defense. Confidential Material produced by Suibin Zhang may be disclosed only to members of the United States Attorney's office or to members of the Federal Bureau of Investigation who are working on this case, or to an expert retained pursuant to ¶ 6 of this agreement. The United States will NOT disclose any Confidential Material produced by Suibin Zhang to Marvell, Broadcom or Netgear, their representatives, or any other third party, unless approved by the Court, pursuant to ¶ 4 of this agreement. All such material shall be used solely for the purpose of preparing for and conducting pretrial, trial and appellate proceedings in this case, and shall not be used for the economic benefit of the defendant or any third party, including Marvell, Broadcom or Netgear. Any motion that quotes directly from any Confidential Material shall be filed UNDER SEAL. Any motion that includes exhibits or attachments that contain Confidential Material need not be filed under seal, except that the exhibits or attachments shall be filed under seal. The standard procedures for filing a document under seal shall apply.

4. If either the United States or the defendant wishes to disclose any Confidential Material to anyone OTHER THAN an expert or any individual described in ¶ 3, counsel for the party seeking disclosure shall provide written notice to the producing party. The producing party shall have five (5) business days from the date it receives written notice to object to such

1  disclosure, in writing, for good cause.  If the producing party objects, the party seeking disclosure
2  shall have three (3) business days to respond.  If no agreement is reached by the parties within
3  three (3) additional business days, the producing party may apply to the Court for appropriate
4  relief, with copies of such application being served on the other party.  Any such application or
5  supporting document shall be filed UNDER SEAL.  **Absent a court order,** Neither the United States nor the defendant
6  will disclose any document or the contents of any document described in this paragraph to any
7  third party, including Marvell, Broadcom or Netgear and their representatives.  Once the
8  producing party has filed an application with the Court as set forth above, the party seeking
9  disclosure will refrain from disclosing any Confidential Material to the individual until the
10 objection has been resolved.

11       5.   No person described in paragraphs 3 and 4, other than Suibin Zhang, Assistant
12 Federal Public Defenders Nicholas Humy and Jay Rorty, and Assistant United States Attorneys
13 David Callaway and Kyle Waldinger shall have access to any discovery that an opposing party
14 has designated as Confidential Material until that person signs a copy of the attached
15 "Acknowledgment of Stipulated Protective Order in <u>United States v. Suibin Zhang</u> CR 00812
16 RMW (HRL)."  Once an individual has executed an Acknowledgment, it shall not be necessary
17 to sign a separate Acknowledgment each time the person is given access to Confidential
18 Material.  With the exception of any Acknowledgment executed by an expert, a copy of each
19 signed Acknowledgment shall be provided to the opposing party.

20       6.   At such time as a party retains an expert or experts to assist in reviewing the
21 Confidential Material and preparing for trial, the expert shall execute an Acknowledgment,
22 signed under oath, stating that the affiant agrees to abide by the terms of this agreement, and that
23 he or she is not: (1) a former or current employee of Marvell, Broadcom or Netgear; (2) currently
24 under contract to Marvell, Broadcom or Netgear; (3) a direct competitor of Marvell, Broadcom or
25 Netgear; (4) employed by a direct competitor of Marvell, Broadcom or Netgear; or (5) currently
26 under contract to a direct competitor of Marvell, Broadcom or Netgear.  The Acknowledgment

shall be submitted to the Court *in camera* and filed under seal. The opposing party will not be provided with a copy of the Acknowledgment signed by the expert(s), and the identity of the expert(s) shall not be disclosed to the opposing party except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure. However, should either party wish to retain an expert who is: (1) a former or current employee of Marvell, Broadcom or Netgear; (2) currently under contract to Marvell, Broadcom or Netgear; (3) a direct competitor of Marvell, Broadcom or Netgear; (4) employed by a direct competitor of Marvell, Broadcom or Netgear; or (5) currently under contract to a direct competitor of Marvell, Broadcom or Netgear, the party wishing to retain the expert shall make an *ex parte in camera* submission to the Court, setting forth the name of the proposed expert; the relationship of that expert to Marvell, Broadcom or Netgear, or their competitors; and any other information the party wishes the Court to consider. After reviewing these materials, the Court will determine whether: (1) the party is permitted to retain the proposed expert and disclose Confidential Material to the expert, once the expert has executed an Acknowledgment and that Acknowledgment has been filed under seal with the Court; or (2) the Court requires the input of either the opposing party, or a third party (*i.e.*, Marvell, Broadcom or Netgear), or both, before it can determine whether to permit disclosure of Confidential Material to the proposed expert. In the latter case, the Court shall notify the party seeking to retain the expert that it has the option of either withdrawing the expert's name from consideration or notifying the opposing party and/or third party of the identity of the proposed expert. In no event shall the Court disclose to the opposing party or any third party the identity of the proposed expert, or the contents of the proposing party's *ex parte* submission, until the party seeking to retain the expert has had an opportunity to withdraw the expert's name from consideration. Nothing in this paragraph shall prevent the Court making further orders concerning the proposed expert, as it deems appropriate, provided that the further orders do not conflict with the above.

7. The recipient of any Confidential Material that is provided under this Stipulated

Interim Protective Order shall keep such information in a manner reasonably intended to prevent the unauthorized disclosure of that material.

8. At the conclusion of the above-captioned case (including any post-trial proceedings such as an appeal or habeas petition), counsel for Suibin Zhang agrees to either return or destroy any Confidential Material produced by the United States, except as otherwise directed by the Court. At the conclusion of the above-captioned case (including any post-trial proceedings such as an appeal or habeas petition), the United States agrees to either return or destroy any Confidential Material produced by defendant Suibin Zhang, except as otherwise directed by the Court.

9. Nothing shall prevent any party from using the Confidential Material or from referring to or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials shall be filed UNDER SEAL and/or submitted *in camera*. The use of Confidential Material at trial or at pre- or post-trial hearings will be resolved at or before the time of such trial or hearing.

10. Should a dispute arise as to the propriety of the designation of any Discovery Material as Confidential Material, the objecting party shall notify opposing counsel in writing. Such notice shall state objecting counsel's position regarding that matter. Within five (5) business days of receiving such notice, opposing counsel shall respond to the notice in writing. If, after five (5) business days from opposing counsel's response, the parties cannot resolve the dispute, they may apply to the Court to do so. Any such dispute or the pendency of such motion shall not be grounds for an objection to or refusal to permit discovery. During the pendency of the dispute, and any Court resolution thereof, including an appeal of the Court's decision on such motion, the discovery shall be treated as Confidential Material and shall be covered by this Stipulated Interim Protective Order.

11. Marvell, Broadcom and Netgear are not parties to the above-captioned case. Where this agreement requires service of notice on the opposing party, this requirement does not include

1 the service of notice on Marvell, Broadcom or Netgear.

2      12.    By signing and agreeing to this Stipulated Interim Protective Order, no person shall
3 be deemed to have conceded that any material has been properly designated as Confidential
4 Material.

5      13.    Nothing in this Stipulation shall prevent disclosure beyond the terms of this
6 Stipulation if both parties (*i.e.*, the United States and defendant Suibin Zhang) consent in writing
7 to such disclosure, or if such disclosure is ordered by the Court.

8      14.    Nothing contained in this Stipulated Interim Protective Order shall preclude any
9 party from applying to the Court for further relief or modification.

10     IT IS SO STIPULATED.

12 Dated: September 22, 2006             _____/S/_____
                                        NICHOLAS P. HUMY
13                                      Assistant Federal Public Defender

14
   Dated: September 22, 2006             _____/S/_____
15                                      JAY RORTY
                                        Assistant Federal Public Defender
16

17 Dated: September 22, 2006             _____/S/_____
                                        DAVID CALLAWAY
18                                      Assistant United States Attorney

19
   Dated: September 22, 2006             _____/S/_____
20                                      KYLE WALDINGER
                                        Assistant United States Attorney
21

22     IT IS SO ORDERED.

23
   Dated: October 10, 2006
24                                      _____
                                        THE HONORABLE HOWARD R. LLOYD
                                        United States Magistrate Judge
25

26

Amended Stipulated Interim Protective Order         7

ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER
IN <u>UNITED STATES v. SUIBIN ZHANG</u>, No. CR 05-00812 RMW (HRL)

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Order issued in <u>United States v. Suibin Zhang</u>, No. CR 05-00812 RMW (HRL); that he or she has read, understands, and agrees to the terms of said Order; and that he or she hereby submits to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcement of the terms of said Order.

Date: _____

_____
Signature

_____
Title

**UNDER SEAL** ACKNOWLEDGMENT BY EXPERT
OF STIPULATED INTERIM PROTECTIVE ORDER
IN <u>UNITED STATES v. SUIBIN ZHANG</u>, No. CR 05-00812 RMW (HRL)

I, _____, hereby declare:

1. I have received a copy of the Stipulated Interim Protective Order entered into by the parties in the case of <u>United States v. Suibin Zhang</u>, No. CR 05-00812 RMW (HRL); I have read and understood the terms of said Order and agree to abide by them; and I hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of said Order.

2. I am not a former or current employee of Marvell, Inc. (Marvell); Broadcom Corporation (Broadcom); or Netgear, Inc. (Netgear).

3. I am not currently under contract to Marvell, Broadcom, or Netgear.

4. I am not a direct competitor of Marvell, Broadcom, or Netgear.

5. I am not employed by a direct competitor of Marvell, Broadcom, or Netgear.

6. I am not currently under contract to a direct competitor of Marvell, Broadcom, or Netgear.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters stated on information and belief, and as to those matters, I am informed and believe them to be true. Executed this \_\_\_\_ day of _____, 200\_, in the Northern District of California.

_____
Signature

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number