*E-FILED 12/19/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  v.<br><br>SUIBIN ZHANG,<br><br>    Defendant.<br>_____/ | No. CR05-00812 RMW (HRL)<br><br>**ORDER ON GOVERNMENT'S MOTION TO PREVENT DEFENSE DISCLOSURE OF CONFIDENTIAL MATERIAL** |

    Suibin Zhang is charged with theft of trade secrets. The government, on behalf of alleged victim Marvell Semiconductor, Inc., moves for an order preventing defense counsel from showing Marvell's claimed trade secret information to potential witnesses (all of whom are present or former employees of Marvell or Netgear) without first disclosing their names and affording the government or Marvell an opportunity to object to the disclosure. Zhang's counsel argues persuasively that discovery rules do not require disclosure of witness names at this point and that requiring preapproval before a potential witness can be interviewed on material directly relevant to the defense would violate Zhang's constitutional rights.

    Having balanced the legitimate interests of Marvell with the constitutional rights of the defendant, this court orders the parties to follow this protocol:

    (1)    Only past or present employees of Marvell or Netgear will be interviewed about the claimed trade secret information.

1  (2) No one who is or was an employee of any Marvell competitor will be interviewed even if he or she meets the criteria of (1) above.

3  (3) No one will be interviewed who does not sign the existing protective order as well as an appropriate nondisclosure agreement. The parties will decide whether the standard Marvell nondisclosure agreement is sufficient or whether a different one should be agreed upon and used.

7  (4) The nondisclosure agreement will identify the information which was disclosed to the interviewee.

9  (5) No interviewee will be given copies of any of the information disclosed (without prejudice to the defense to apply to the court for leave to do so upon a showing that it is necessary).

12 (6) At the conclusion of the case, defense counsel will turn over the executed nondisclosure agreements to Marvell.

SO ORDERED.

Dated:    December 19, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**5:05-cr-812-1 Notice has been electronically mailed to**:

Andrew Dale Lanphere alanphere@pillsburywinthrop.com

David Rossiter Callaway david.callaway@usdoj.gov, tracey.andersen@usdoj.gov

Kyle F. Waldinger kyle.waldinger@usdoj.gov, rawaty.yim@usdoj.gov

Manuel Urquidez Aldapa Araujo Manuel_Araujo@fd.org, Susie_Barrera@fd.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.