E-FILED on  11/19/2010

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>SUIBIN ZHANG,<br><br>          Defendant. | No. CR-05-00812 RMW<br><br>ORDER DENYING MOTION TO SUPPRESS AND DENYING REQUEST FOR FRANKS HEARING<br><br>**[Re Docket No. 174]** |

     Defendant Suibin Zhang seeks a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) and simultaneously moves to suppress the fruits of a search of his home, on the basis that the affidavit in support of the search warrant application omitted or misstated material facts deliberately or in reckless disregard for the truth. For the reasons set forth below, the court denies the request and related motion.

## I. BACKGROUND

     On June 23, 2005, government agents obtained a warrant to search the home of defendant Suibin Zhang, a former product development manager for Netgear, Inc. The warrant was supported by the affidavit of FBI special agent Linda K. Trigg. The same day, agents searched Zhang's home and seized four computers, which were also searched.

On December 21, 2005, the grand jury returned a nine-count indictment against Zhang based on Zhang's use of Marvell Semiconductor, Inc.'s extranet weeks before he left Netgear to begin working at Marvell's competitor.  On January 21, 2009, the grand jury returned a superseding indictment against Zhang charging him with unauthorized use of a protected computer in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4), and with misappropriation and unauthorized copying, transmission, and possession of trade secrets in violation of 18 U.S.C. § 1832(a)(1), (2), (3) and (4).

## II.  ANALYSIS

### A.     A *Franks* Hearing Is Not Necessary

#### 1.     Statements Regarding Whether The Accessed Information Constituted Trade Secrets

Defendant Zhang contends that a hearing must be held pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because he has made "a substantial preliminary showing" that the search warrant affidavit contained material false statements or omitted material information intentionally or with a reckless disregard of the truth.  *Id.* at 155-6.  Zhang contends that he has also made a "substantial preliminary showing" that the affidavit purged of its falsities would not be sufficient to support a finding of probable cause.  *Id.*

Zhang argues that the agent made intentional or reckless misstatements and material omissions, and that, if those misstatements and omissions had been corrected, the affidavit would not have supported a finding of probable cause that the relevant documents contained protected trade secrets.  Specifically, Zhang claims that the agent's statement that "Zhang's access to the extranet was permitted in his capacity as a Netgear employee and governed by the NDA he had previously executed" was false, because the Zhang signed a Marvell nondisclosure agreement in connection with an employment application to Marvell, not in connection with his Netgear employment, as reflected in letters from Marvell's counsel to the United States Attorney's Office.

The evidence suggests that the nondisclosure agreement defendant signed with respect to Marvell related to his employment application, not his Netgear employment.  However, even if that particular statement was inaccurate, defendant has not made a preliminary showing that the agent

ORDER DENYING MOTION TO SUPPRESS AND DENYING REQUEST FOR FRANKS HEARING—No. CR-05-00812 RMW MEC
2

knew that the information was false or incomplete or made her statement with a reckless disregard of the truth.  Since defendant has failed to show that the agent intentionally or recklessly made false or incomplete statements, defendant is not entitled to a *Franks* hearing on this basis.

In addition, even if the false statement was make recklessly or intentionally, in order for a *Franks* hearing to be required, the defendant must show that the omitted information when added would negate probable cause.  In *United States v. Stanert*, the court specifically addressed this requirement:

> Standing alone, Stanert's substantial preliminary showing that the affidavit contained reckless or deliberate falsities and omissions is insufficient to warrant a Franks hearing.  A defendant challenging an affidavit must also show that the affidavit purged of those falsities and supplemented by the omissions would not be sufficient to support a finding of probable cause.  In addition, the defendant must show that the "affidavit, once corrected and supplemented," would not "provide . . . a substantial basis for concluding that probable cause existed to search defendant's residence.

762 F.2d 775, 782 (9th Cir. 1985).

In the present case, if the information concerning the nondisclosure agreement had been corrected, the affidavit would still have provided a "substantial basis for concluding that probable cause existed."  The fact that defendant did not personally sign a nondisclosure agreement prior to using Marvell's extranet system does not negate the statement that Marvell took reasonable steps to protect its trade secrets.  Even if the magistrate had known that Zhang had not adopted the NDA as alleged by the government, it would not have negated probable cause. Defendant is not entitled to a *Franks* hearing.

The other facts Zhang contends were improperly omitted from the affidavit do not alter that determination.  Zhang argues that the affidavit should have cited the terms of a nondisclosure agreement signed by Chuck Olson of Netgear that governed Netgear's employees' use of Marvell's extranet, and should also have disclosed additional facts showing Netgear failed to live up to the terms of that agreement and to protect Marvell's trade secrets.  Zhang argues that Netgear did not adequately protect its own intellectual property when individuals left the company.  But none of these facts were material to the magistrate's determination that *Marvell* took reasonable steps to protect the trade secrets accessible on its extranet.  Zhang argues that the affidavit omitted material facts by failing to disclose "that the Marvell Extranet was, for all practical purposes, open and

available to the relevant public" and that all companies like Marvell "are lax in control of Intellectual Property."  The evidence shows that Marvell's secure extranet could be accessed only by authorized users who had been provided with passwords and permissions to view and download various categories of documents.  The fact that Marvell's extranet had between four and five thousand registered users does not demonstrate that the extranet was open to the public, and this omitted fact would not have been material to the magistrate's determination.  Moreover, defendant points to no specific facts that could have been included in the affidavit to support the conclusion that companies like Marvell "are lax in control of Intellectual Property."

Finally, Zhang argues that the affidavit failed to disclose the fact that Marvell did not notify users that specific files contained trade secrets by marking those files "trade secret."  However, this omission was not material, because the affidavit disclosed that Marvell marked the documents "confidential."  The statement that the documents were marked "confidential" clearly implies that the documents were not marked "trade secret," and the magistrate was not misled by the failure to specify that the files were not marked "trade secret."

### 2. Statements Regarding Zhang's Remote Access

Zhang does not contend that the affidavit misstated the facts relating to his ability to access Netgear's servers remotely or omitted material facts.  Instead, Zhang argues that "[t]he objective facts within the affidavit demonstrate that Mr. Zhang's potential remote access is mere surplusage."  Whether facts that did not contribute to the finding of probable cause were included in the affidavit is irrelevant to determining whether defendant is entitled to a *Franks* hearing, as well as to whether the magistrate was misled such that the fruits of the warrant must be suppressed.

### 3. Statements Regarding Whether Zhang Was Authorized To Access The Information

Defendant also argues that the affidavit included a material misstatement when it asserted that "downloads from the Extranet for reasons other than legitimate Netgear business purposes was unauthorized and constituted a violation of the terms of the NDA between Marvell and Netgear." Defendant points to the Ninth Circuit's recent decision in *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127 (9th Cir. 2009), to demonstrate that this statement was incorrect as a matter of law.  However,

defendant fails to explain how that decision, issued years after the affidavit was signed, demonstrates that the affidavit included *reckless* or *intentional* misstatements at the time that it was made. Defendant has failed to make the required substantial preliminary showing.

Nor does the evidence suggest that the affidavit misstated or mischaracterized Chuck Olson's statement to the FBI. As Zhang's direct supervisor, Olson could opine that he was surprised by and could not explain a sudden increase in Zhang's downloading activity in March 2005, as reflected in the affidavit. His statement to the FBI did not, as defendant claims, reflect mere ignorance of the significance of Zhang's activity.

Finally, Zhang contends that the affidavit omitted material facts regarding Zhang's product development responsibilities and the downloading activities of his coworkers. Specifically, Zhang argues that the agent should have informed the magistrate that Zhang continued to be involved in Netgear's product development process at the time of the relevant downloads, and that other Netgear employees had previously downloaded a significant number of Marvell product files that Netgear never purchased, including some of the product files that Zhang downloaded. He claims that these additional facts would have demonstrated that he had a legitimate business purpose in downloading the Marvell files. Zhang's downloading activity was suspicious not only because he loaded files for products Netgear did not purchase, but also because he downloaded files that "were not product specific" and that were therefore unlikely to relate to a legitimate Netgear purpose. Contrary to defendant's assertion, the fact that Zhang downloaded files from four of six product lines supports the affidavit's characterization. Zhang has not made a substantial preliminary showing that the agent intentionally or recklessly mischaracterized or omitted the relevant facts in this respect.

**4.  Statements Regarding Zhang's Departure from Netgear and Anticipated Position at Broadcom**

Zhang argues that the affidavit's characterization of his downloads as "on the eve" of his "unannounced" departure was misleading. However, the affidavit clearly states that Zhang did inform his direct supervisor of his plan to join Broadcom prior to the relevant downloading activity. The general statement that the departure was "unannounced" is clearly modified by the affidavit's

specific factual statements. There has been no showing that the agent intentionally or recklessly mischaracterized the facts.

The fact that a Marvell employee stated that he heard Zhang worked on ethernet passive optical networking at Broadcom and that the files downloaded from the Marvell extranet did not apply to that division is not a material fact, and if it had been included, would not have negated the magistrate's finding of probable cause. The same employee's statement suggested that the information that Zhang downloaded would have been highly valuable to Broadcom. The fact that Zhang may have ended up working on unrelated projects at Broadcom would not have demonstrated that there was not probable cause that Zhang acted with the requisite mental state when he downloaded files from Marvell that would have been valuable to his future employer.

### 5. Nexus Between Home and Items To Be Seized

At oral argument, defendant argued that the affidavit for the warrant showed no connection between the items to be seized and the defendant's residence. The issuing magistrate could have reasonably found such showing to have been made, particularly by paragraphs 14 and 26d.

### III. ORDER

For the foregoing reasons, the court denies defendant Zhang's motion to suppress and request for a *Franks* hearing.

DATED:   11/19/2010

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION TO SUPPRESS AND DENYING REQUEST FOR FRANKS HEARING—No. CR-05-00812 RMW
MEC                                                   6