**E-FILED on** 10/18/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SUIBIN ZHANG,<br><br>    Defendant. | No. CR-05-00812 RMW<br><br>ORDER GRANTING MOTION TO REINSTATE COUNTS ONE THROUGH THREE OF THE SUPERSEDING INDICTMENT<br><br>**[Re Docket Nos. 221 and 259]** |

The government moves for an order reinstating Counts One through Three of the Superseding Indictment on the basis that there has been a change in the law since the court dismissed those counts. The defendant opposes the motion on the grounds that the request for reinstatement is untimely and that the court's dismissal ruling is, in any event, in accord with the change in the law. The court has reviewed the briefs, including requested supplemental briefs, and heard the arguments of counsel, and hereby grants the motion. Therefore, Counts One through Three are reinstated.

## I. BACKGROUND

Counts One through Three of the Superseding Indictment charge violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(4), which imposes criminal liability on an

individual who "knowingly, and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value . . . ."  On November 19, 2010 the court dismissed those counts on the basis that the statute is violated only when initial access or access of certain information is not permitted in the first place.  The court followed the reasoning of the district court decision in *United States v. Nosal*, 2010 WL 934257 (N.D. Cal. Jan. 6, 2010).  On April 28, 2011, the Ninth Circuit reversed the district court in *Nosal* and held that an employee "exceeds authorized access" under § 1030 when he or she violates the employer's computer access restrictions—including use restrictions.  In light of *Nosal*, the government maintains that the court should reconsider its dismissal of Counts One through Three and reinstate them.  Defendant contends that the government's request is untimely and that *Nosal* involved distinguishing facts and does not invalidate the court's dismissal ruling.

## II. ANALYSIS

### A. The Court Has the Power to Grant Reinstatement

The government chose not to file an interlocutory appeal of the court's dismissal ruling and defendant contends that it is now too late to request reconsideration.  However, since the dismissal order involved only some of the claims against defendant, the district court retained jurisdiction of the case.  The Ninth Circuit has held that a district court may reconsider its prior rulings so long as it retains jurisdiction over the case.  *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004), citing *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001); *see United States v. Avila*, 263 Fed.Appx. 585, 588 (9th Cir. 2008).  A district court has inherent power to reconsider and modify its interlocutory orders prior to entry of judgment.  *Smith v. Massachusetts*, 543 U.S. 462,475 (2005).  "While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases."  *United States v. Hector*, 368 F.Supp. 2d 1060, 1062-63 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007).  No specific rule governs the timeliness of a motion for reconsideration or the effect which such a motion has on the finality of a trial court's order.  *United States v. Jones*, 608 F.2d 386, 390 (9th Cir. 1979).

### B. Change in Controlling Law

Although reconsideration is to be used sparingly, one legitimate basis for doing so is an intervening change in the controlling law. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Such a change occurred here. The government made known its desire to have the court reconsider shortly after *Nosal* was decided on April 28, 2011. The government in its May 8, 2011 opposition to defendant's Motion to Strike Surplusage in the Superseding Indictment (i.e. Counts One through Three) said: "[r]ather that strike the requested language as surplusage, the government respectfully submits that the Court instead should reconsider its earlier ruling and reinstate those counts." The reasoning rejected by the Ninth Circuit in *Nosal* was the basis of the court's dismissal ruling.

### C. The Motion to Reinstate Was Timely and Will Not Prejudice Defendant

After the defendant's Motion to Strike Surplusage was filed, proceedings came to an essential standstill as the parties requested continuances as they unsuccessfully tried to resolve the case. Since the defense has known for sometime that if the case were not resolved the government would seek reinstatement, the court sees no significant prejudice to defendant from reinstatement. The defense has had all the discovery for some time. Preparation for the reinstated charges would appear to require little additional work. The court has given defendant an extra week to prepare as requested. Therefore, the court rejects defendant's claim that reinstatement should be barred as untimely sought.

### D. Counts One Though Three

Defendant claims that the Superseding Indictment fails to allege that defendant knew that his actions exceeded his authorized access to the Marvel extranet. The court disagrees. Although there undoubtedly are some factual issues about defendant's knowledge, paragraphs 7, 8, 9 and 11 adequately allege the required knowledge by defendant.

DATED:____10/18/2011_____

*Ronald M Whyte*

_____
RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO REINSTATE COUNTS ONE THROUGH THREE OF THE SUPERSEDING INDICTMENT—No. CR-05-00812 RMW
MEC                                        3