**United States District Court**
For the Northern District of California

*E-FILED on  1/3/13*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SUIBIN ZHANG,<br><br>    Defendant. | No. CR-05-00812 RMW<br><br>ORDER GRANTING NON-PARTY MARVELL'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN TRIAL EXHIBITS AND PORTIONS OF THE TRIAL TRANSCRIPT<br><br>[Docket #273] |

Pursuant to Criminal Local Rule 55-1(b) and Civil Local Rules 7-11(a) and 79-5, non-party Marvell Semiconductor, Inc. ("Marvell") requests that the Court order the Clerk of the Court to file permanently under seal the following trial exhibits and testimony: (1) Government Exhibits 1-16, 19, 40-43, 45-83, 85, and 87-90, and Defendant's Exhibits 518, 599-601, 603-611, 663, and 684 in their entirety; (2) portions of Government Exhibits 25, 28, 30, and 116, and Defendant's Exhibit 540, redacted versions of which are attached as Exhibits 1-5 to the declaration of George Hervey, Jr. in support of this motion (the "Hervey Declaration"), and lodged with the Clerk of Court; and (3) portions of the trial transcript containing the testimony of George Hervey, Jr. as reflected in the

redacted transcripts attached as Exhibit 6-8 to the Hervey Declaration, and lodged with the Clerk of Court.

The court finds that the filing of the identified testimony and exhibits under seal is necessary and narrowly tailored to protect the confidentiality of Marvell's information. Marvell has supported its request by the signed stipulation of the parties and the declarations of George Hervey, Jr., the senior engineer at Marvell in charge of customer support, and Jason McDonell, counsel for Marvell. Marvell has sufficiently shown that the need of Marvell to keep the information under seal outweighs the public policies favoring disclosure of all evidence submitted at trial. In the instant case, public disclosure of Marvell's confidential and proprietary information could harm Marvell's competitive position in the marketplace in several ways: (1) competitors could use the information to design and manufacture products that compete directly with Marvell's products; (2) the information might give Marvell's competitors a market advantage even if they did not use it to manufacture identical products (for example, a competitor could use its understanding of Marvell's proprietary information to anticipate alternate designs and to advise customers that it intends to introduce new products that compete with Marvell's products on the basis of cost, power, or other design decisions); and (3) knowledge of Marvell's errata releases could be exploited by competitors seeking to undermine Marvell's products.

A number of trial courts have sealed records pursuant to requests such as made here. *See*, *e.g., Abstrax, Inc. v. Sun Microsystems, Inc.*, 2011 WL 2550825, at *3 (N.D. Cal. June 27, 2011) (finding compelling reason to seal documents "that include Sun's confidential information regarding revenue, products, internal manufacturing procedures, source code development, and related deposition testimony" because those documents "represent confidential information that would be harmful to Sun if disclosed"); *Richardson v. Mylan Inc.,* 2011 WL 837148 at *2 (S.D. Cal. Mar. 9, 2011) (sealing trial testimony that, if revealed to defendants' competitors, could have serious consequences for defendants' business); *Sullivan v. Deutsche Bank Americas Holding Corp.*, 2010 WL 3448608, at *2 (S.D. Cal. Aug. 31, 2010) (sealing documents because of the proprietary nature of the confidential information"); *see also* 18 U.S.C. § 1835.

ORDER GRANTING NON-PARTY MARVELL'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN TRIAL EXHIBITS AND PORTIONS OF THE TRIAL TRANSCRIPT
No. CR-05-00812 RMW

1    The court is not saying by this order that it has found that all the identified exhibits and
2 testimony to contain trade secret or other protectible confidential and proprietary information.
3 However, Marvell has made more than an adequate showing to justify the sealing request.

5 DATED: 1/3/13

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING NON-PARTY MARVELL'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN TRIAL EXHIBITS AND PORTIONS OF THE TRIAL TRANSCRIPT
No. CR-05-00812 RMW

3

1
2  *Copy of Order Electronically Mailed to Counsel of Record:*
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28